■ AVAIL SHIPPING, INC., et al., Plaintiffs, and BHUPINDER GREWAL, Doing Business as UNITED SHIPPING SOLUTIONS, et al., Respondents, et al., Plaintiffs-Intervenors, v DHL EXPRESS (USA), INC., Appellant. [990 NYS2d 172]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 21, 2013, which denied defendant's motion for summary judgment dismissing the first cause of action for breach of contract, unanimously affirmed, without costs.

Defendant, a global shipping company that sells its services to "resellers" that negotiate shipping rates with it and then resell the shipping services to their customers at higher rates, entered into a Reseller Agreement with USS Logistics, LLC in January 2003. Plaintiffs are franchisees or former franchisees of United States Shipping Solutions, LLC, an affiliate of USS Logistics, LLC. Pursuant to the agreement, which is governed by California law, defendant agreed to provide "Services," defined as, inter alia, "domestic door-to-door air express services for documents and/or packages or freight being sent to various locations throughout the United States." More specifically, the agreement

requires defendant "to provide Services to RESELLER['s] customers to fulfill RESELLER['s] customers' needs for Services." It further provides that "Shipments will originate at RESELLER['s] customers' locations at which DHL regularly provides collection service with its own personnel and will be delivered to any destination regularly serviced by DHL or its designated agents." In 2006, the agreement was extended to January 29, 2015.

In November 2008, defendant announced that it was discontinuing domestic U.S. service as of January 30, 2009. Subsequently, but prior to January 30, 2009, defendant eliminated drop boxes and guaranteed delivery times, invalidated plaintiffs' customers' account numbers and required them to pay cash for deliveries, and allegedly took other steps to end domestic service. Thereafter, plaintiffs commenced this action for breach of contract.

Defendant moved for summary judgment, arguing that nothing in the contract requires it to maintain domestic shipping services throughout the term of the agreement. Rather, it maintains, it is only obligated to pick up packages where it "regularly provides" domestic collection and delivery. Contrary to defendant's argument, the contract explicitly states that "DHL agrees to provide . . . to RESELLER['s] customers to fulfill RESELLER['s] customers' needs" "Services," defined to include "domestic door-to-door air express services for documents and/or packages or freight being sent to various locations throughout the United States." Defendant's interpretation renders meaningless the agreement's definition of "Services," in contravention of California Civil Code § 1641. It also renders defendant's promise to provide domestic delivery service through January 29, 2015 illusory.

Defendant's argument that it is entitled to summary judgment on plaintiffs' claims for damages after January 16, 2009, when it maintains the agreement terminated due to nonpayment, is also unavailing. Issues of fact exist as to whether defendant breached or repudiated the agreement by terminating domestic service, removing drop boxes, eliminating driver pickups and delivery guarantees, invalidating plaintiffs' customers' account numbers, and requiring cash payments directly from plaintiffs' customers (see Central Val. Gen. Hosp. v Smith, 162 Cal App 4th 501, 514, 75 Cal Rptr 3d 771, 781 [5th Dist 2008]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.